J-S60042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CRAIG MCCULLOUGH | |
| Appellant | No. 413 MDA 2014 |

Appeal from the Judgment of Sentence August 8, 2012
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000407-2011

BEFORE: OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED DECEMBER 15, 2014**

Appellant, Craig McCullough, appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas following his jury trial convictions for possession of a controlled substance, possession with intent to deliver ("PWID"), and possession of paraphernalia.[1] We vacate the judgment of sentence and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. On February 3, 2011, police entered the residence of 1643 Memorial Avenue, in Williamsport, Pennsylvania, to execute an arrest warrant on Bilar Sabui. While apprehending Sabui, police officers encountered Appellant and another male in the residence. They also observed controlled substances,

_____

[1] 35 P.S. § 780-113(a)(16), (30), (32) respectively.

drug paraphernalia, and firearms in plain view. After obtaining a search warrant, police officers discovered prepackaged crack cocaine and heroin, drug paraphernalia, and three firearms in the residence. Police officers determined Appellant inhabited one of the rooms in the home after discovering several identifying items, including his birth certificate, a work ID card, and a personal letter addressed to Appellant therein. Officers charged Appellant with one count of PWID, one count of possession of crack cocaine, one count of possession of heroin, and one count of possession of drug paraphernalia.[2]

On March 12, 2012, a jury convicted Appellant of possession of crack cocaine, possession of heroin, and possession of drug paraphernalia, but did not come to a decision on the PWID charge. On June 13, 2012, however, a second jury convicted Appellant of PWID.

On August 8, 2012, Appellant appeared before the court for sentencing on all convictions. Pursuant to 18 Pa.C.S. § 7508, the court found, by a preponderance of the evidence, that Appellant was in possession of 2-10 grams of crack cocaine for purposes of his PWID charge.[3] Pursuant to 42

_____

[2] Appellant was also charged with possession of a firearm, but the court subsequently dismissed this charge upon motion of the Commonwealth.

[3] At his sentencing hearing, Appellant conceded to possessing 11.1 grams of cocaine at the time of his arrest, however, he claimed that at least 1.2 grams would be consumed by the occupants of the residence, including himself, leaving less than 10 grams for the PWID charge.

Pa.C.S. § 9712.1, the court also found by a preponderance of the evidence that Appellant was in possession of a firearm when he committed the crime of PWID. The court sentenced Appellant to five (5) to ten (10) years' incarceration, the mandatory minimum sentence under Section 9712.1.[4] The possession of crack cocaine conviction merged with the PWID conviction for sentencing purposes. The court also imposed a concurrent sentence of three (3) months to two (2) years' incarceration for possession of heroin, and an adjudication of guilt without further penalty for possession of drug paraphernalia.

On August 22, 2012, Appellant filed untimely post-sentence motions, which the court denied. On October 19, 2012, Appellant filed a notice of appeal. On December 14, 2012, this Court quashed Appellant's notice of appeal as untimely. On December 13, 2013, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA"),[5] alleging his counsel was ineffective for failing to timely file a notice of appeal.

On February 5, 2014, the court granted Appellant's PCRA petition and reinstated Appellant's appellate rights *nunc pro tunc*. Appellant then timely filed a notice of appeal on March 4, 2014. On March 10, 2014, the court

---

[4] The court did not impose any mandatory minimum sentence under Section 7508, presumably because its mandatory minimum sentence of 3-6 years' incarceration is lower than the mandatory minimum under Section 9712.1.

[5] 42 Pa.C.S. §§ 9541-9546.

ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on March 17, 2014.[6]

Appellant raises the following issue on appeal:

> WHETHER APPELLANT'S MANDATORY MINIMUM SENTENCE OF FIVE (5) YEARS IMPOSED PURSUANT TO 42 [PA.C.S. §] 9712.1(A) CONSTITUTED A VIOLATION OF DUE PROCESS WHERE THE COMMONWEALTH FAILED TO PROVE TO A JURY BEYOND A REASONABLE DOUBT THE FACT(S) THAT SUPPORT THE MANDATORY MINIMUM SENTENCE?

(Appellant's brief at 6).

Appellant argues the court erred in imposing the mandatory minimum sentence for PWID under Section 9712.1. Appellant contends that the question of whether he possessed a firearm should have been submitted to a jury and proved beyond a reasonable doubt, and that, because the sentencing court found that he possessed a firearm only by a preponderance of the evidence, the imposition of the mandatory minimum sentence based on this factor violated the Due Process Clause of the Fourteenth Amendment. We agree.

Our standard of review regarding the imposition of a mandatory sentence is as follows:

_____

[6] In lieu of filing a separate Rule 1925(a) opinion, the trial court submitted its September 20, 2012 order and opinion denying Appellant's post-sentence motions.

- 4 -

Generally, a challenge to the application of a mandatory minimum sentence is a non-waiveable challenge to the legality of the sentence. Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

***Commonwealth v. Hawkins***, 45 A.3d 1123, 1130 (Pa.Super.2012).

The sentencing code provides, in relevant part:

### § 7508. Drug trafficking sentencing and penalties

**(a)  General  rule.--**Notwithstanding  any  other provisions of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i)    when  the  aggregate  weight  of  the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to

- 5 -

exhaust the assets utilized in and the proceeds from the illegal activity;

\* \* \*

**(b)** **Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S. § 7508 (a)(3)(i). The Sentencing Code further provides:

**§ 9712.1.** **Sentences for certain drug offenses committed with firearms**

**(a)** **Mandatory sentence.–**Any person who is convicted of violation of section [1]13(a)(30) of [] The Controlled Substance, Drug, Device, and Cosmetic Act, when at the time of the offense the person or the person's accomplice is in physical possession or control of a firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

\* \* \*

**(c)** **Proof at sentencing.--**Provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this

section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712.1.

In **Alleyne v. United States**, __ U.S. __,133 S.Ct 2151, 2163, 186 L.Ed 2d 341 (2013), the Supreme Court of the United States held that the Due Process Clause of the Federal Constitution requires each factor that increases a mandatory minimum sentence to be submitted to a jury and found beyond a reasonable doubt. **Id.** Based upon **Alleyne**, this Court stated in dicta in **Commonwealth v. Watley**, that Sections 7508 and 9712.1 are unconstitutional insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard for factors other than a prior conviction. **Watley**, 81 A.3d 108, 117 n. 4 (Pa.Super.2013) (*en banc*).

More recently, in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super.2014) (en banc), following our dicta in **Watley**, we held that the preponderance of the evidence standard in section 9712.1(c) is unconstitutional under **Alleyne**. We then addressed whether it was possible to continue enforcing the remaining subsections of section 9712.1 after severing subsection (c). We held that section 9712.1, as a whole, was no longer workable, because subsection (c) was "essentially and inseparably connected" with the mandatory minimum sentencing provision in subsection

(a). *Id.*, 99 A.3d at 101. We cited with approval several trial court opinions on this subject, most notably the following analysis by the Montgomery County Court of Common Pleas:

> While the Commonwealth clearly is correct that unconstitutional provisions of a statute may be severed in order to effectuate the legislature's intent in enacting that statute, the undersigned believes that this simply is not possible in the instant situation, where the constitutional and unconstitutional provisions of the mandatory minimum statutes are inextricably interwoven. In order to effectuate the legislature's intent for the imposition of mandatory minimum sentences, the Commonwealth would have us ignore the legislature's clear intent: that the factors triggering such sentences be found by a judge and not a jury; that the defendant need not be informed of the applicability of the mandatory sentence prior to sentencing; and that the applicable standard be one of preponderance of the evidence. The undersigned believes it is for the legislature, and not this court, to make such determinations. Further, and crucially, rather than asking this court simply to 'sever' unconstitutional provisions within the statutes, the Commonwealth is essentially asking this court to *rewrite* them, by imposing different burdens of proof and notification than the legislature imposed.

*Id*. at 103 (citing **Commonwealth v. Brockington, et al.** (CCP Montgomery Cty., March 21, 2014)) (emphasis in original). Accordingly, we vacated the defendant's judgment of sentence and remanded for re-imposition of sentence "without consideration of any mandatory minimum sentence provided by section 9712.1." **Id**. at 103.

Based on **Brockington** and other Common Pleas Court opinions, **Newman** suggested, in dicta, that 18 Pa.C.S. § 7508, as a whole, is no longer workable in the wake of **Alleyne**. **Newman**, **supra**, at 102-03.

***Newman*** did not, however, issue a definitive ruling on Section 7508, because Section 7508 was not implicated in the ***Newman*** defendant's sentence. Likewise, Section 7508 was not ultimately implicated in Appellant's sentence.

In this case, utilizing the preponderance of the evidence standard, the trial court found that Appellant was in possession of a firearm during the commission of his PWID felony and sentenced him to the mandatory minimum according to Section 9712.1. Whether or not Appellant was in possession of a firearm is a fact that alters the legally prescribed punishment so as to aggravate it, and it was never submitted to a jury. Therefore, we hold that the trial court must resentence Appellant without consideration of any mandatory minimum sentence provided by section 9712.1.

Judgment of sentence vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2014